**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Score Media and Gaming Inc., | |
| Plaintiff, | Civil Action No. |
| v. | |
| ScoreVision, LLC | **JURY TRIAL DEMANDED** |
| Defendant. | |

**COMPLAINT**

Plaintiff Score Media and Gaming Inc. ("Score Media" or "Plaintiff"), by its attorneys, brings this complaint for breach of contract, trademark infringement, false designation of origin, and unfair competition, and demand for jury trial against Defendant ScoreVision, LLC (referred to herein as "ScoreVision" or "Defendant"), and alleges as follows:

**NATURE OF THE ACTION**

1.      This is an action to enforce a contract between Score Media, the successor in interest to theScore, Inc., and Defendant, which prohibits Defendant from registering or seeking to register a trademark that consists of the designation "Score" on its own or that consists of a combination of the words "the" and "Score." Defendant's subsequent registration of the trademark "MORE THAN THE SCORE" is a breach of this agreement.

2.      Defendant's use of the trademark "MORE THAN THE SCORE" further constitutes trademark infringement of Score Media's own rights in the trademark "THE SCORE."

3.      Defendant's conduct has caused, and is continuing to cause, substantial harm to Plaintiff.

4.      The conduct engaged in by Defendant constitutes trademark infringement, false designation of origin, and unfair competition. Accordingly, Plaintiff is entitled to relief under the Lanham Act and New York law, including injunctive relief, compensatory damages, cancellation of Defendant's trademark registration for MORE THAN THE SCORE or transfer of ownership of same to Plaintiff, Defendant's unjust profits, treble damages, and attorneys' fees.

## THE PARTIES

5.      Plaintiff Score Media and Gaming Inc. is a corporation organized and existing under the laws of Canada with its principal place of business at 125 Queens Quay East, Toronto, Onterio, Canada.

6.      Upon information and belief, Defendant ScoreVision LLC is a limited liability company organized and existing under the laws of Nebraska with its principal place of business at 11742 Stonegate Circle, Omaha, Nebraska 68164.

7.      Upon information and belief, Defendant offers for sale products and services in the United States that are regularly sold to customers in the State of Nebraska and this District.

## JURISDICTION AND VENUE

8.      This is an action for: Breach of Contract, Trademark Infringement, False Designation of Origin, and Unfair Competition under the Lanham Act, 15 U.S.C. §1052, et seq.; and common law trademark infringement and unfair competition.

9.      This Court has jurisdiction over the claims made in this Complaint under the Lanham Act, 15 U.S.C. §1121, the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and under the Judicial Code of the United States, 28 U.S.C. §1331, §1332 and §1338. Jurisdiction is also provided under 28 U.S.C. §1367(a). This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1391 (b) and (c) because those claims are

so related to their federal claims that they form part of the same case or controversy and derive from a common nucleus of operative facts.

10. This Court also has subject matter over Plaintiff's state law claims under 28 U.S. Code § 1332 as Defendant is a citizen of a state and Plaintiff is a citizen of a foreign state and the amount in controversy for each of Plaintiff's state law claims exceeds the sum or value of $75,000, exclusive of interests and costs.

11. This Court has personal jurisdiction over Defendant ScoreVision because Defendant consented to the application of the laws of the State of New York in its written agreement with theScore, Inc., and because it has directed use of the infringing trademark "MORE THAN JUST THE SCORE" to residents of this district through, *inter alia*, its use of the trademark on its website, www.scorevision.com, and through marketing activities directed to residents of this district.

12. Additionally, this Court has personal jurisdiction over Defendant as Defendant has purposely availed itself of the privileges of doing business in the State of New York and in this judicial district; and maintains systematic and extensive contacts with the State of New York and this judicial district, including through the manufacture, offer for sale and/or sale of score boards and/or score board software and related goods and services to entities in New York.

13. Upon information and belief, Defendant is registered to do business in the State of New York as a foreign corporation. Records of the New York Secretary of State indicate that Defendant has appointed CT Corporation System at 28 Liberty Street, New York, NY 10005 as its registered agent for service of process.

14. On information and belief, Defendant has sold its products and offered to sell its products in the State of New York and this judicial district. Specifically, and by way of example

only, Defendant has sold video boards and software services to Middletown High School in Middletown, NY, which is in this Judicial District.  Upon information and belief, Defendant continues to provide software services to Middletown High School using the infringing MORE THAN JUST THE SCORE mark.

15.    Venue is conferred in accordance with 28 U.S.C. §1391. Upon information and belief, Defendant has caused a substantial amount of the products or services infringing Score Media's trademarks to be advertised and/or promoted in this judicial district.

## **FACTUAL BACKGROUND**

## **SCORE MEDIA AND THESCORE MARKS**

16.    Score Media has been a leading provider of sports media since its establishment of theScore, a cable TV network in Canada that focused on sports and entertainment.

17.    In 2005, Score Media launched the first sports media app, beginning its evolution into a technology driven, mobile-first company.  "theScore" App is now one of the most popular mobile sports media platforms in North America, including in the United States.  Score Media has used "theScore" in the United States since at least 2005.

18.    In September 2019, Score Media introduced "theScore Bet" in the United States, which is a mobile sports betting platform that combines the power of media and betting through seamless integration with Score Media's flagship "theScore" App.

19.    Score Media is the owner of a number of trademarks in the United States directed to "theScore" and "theScore" formative marks such as "theScore Bet" ("the THESCORE Marks").

20.    One such trademark is U.S. Trademark Registration No. 2,924,688 ("the THESCORE Registration"), which issued on February 8, 2005 in Class 041, covering "entertainment services, namely, providing information services relating to sports via the world

wide web on the internet and through electronic mail; entertainment services in the field of sports, namely, organizing and conducting sports contests and sweepstakes and fantasy sports games and sweepstakes."

21.    As a result of its substantial advertising and promotional efforts, Score Media's "theScore" and "theScore Bet" Apps are widely known and are consistently ranked among the top sports apps in the Apple App Store.  Both Apps also each average a 4.8 out of 5 star rating on the Apple App Store, with over 1 million customer reviews combined.

22.    Score Media's "theScore" App is a mobile application available for Apple and Android-based devices that provides a wide range of sports-related features, functionality, and information, ranging from daily scores of games and various other sports events, including delivered in real time, availability of in-game tracking features, betting lines and game spreads, general sports news and information, and team-specific and sports-specific data, statistics, and other information.  Additional features include real-time scores and a "scorecast" feature that allows a user to digitally monitor a game:



23.     "theScore" App also provides daily sports news and analysis through its "News" pane:



24.    Score Media's "theScore Bet" App leverages much of the same or substantially similar information and real time statistics found in "theScore" App in order to provide real time information regarding sporting events, including lines and spreads, and permits users to place bets and wagers:



25.    Score Media's THESCORE Marks are distinctive, widely recognized, and well-known by the public in the United States in connection with sports, sports scores, sports information, and sports apps, and related goods and services.

**PRIOR DISPUTE WITH DEFENDANT AND SETTLEMENT AGREEMENT**

26.    On March 24, 2016, Defendant filed U.S. Application Serial Nos. 86952278 and 86952317 ("the SCOREVISION Applications") to register the trademarks SCORE VISION and a design mark for SCOREVISION, respectively, in International Class 9 for "[D]ownloadable cloud-based software for scoring athletic and other contests; electronic scoreboards."

8

27.     Score Media filed Opposition No. 91233129 with the Trademark Trial and Appeal Board ("TTAB") on February 27, 2017, objecting to the SCOREVISION Applications.

28.     Score Media objected to the SCOREVISION Applications, at least in part on the ground that the use or registration of a trademark by Defendant that included "score" in close competition with Score Media's offerings, particularly in the same colors (yellow and blue) as Score Media's usage would infringe Score Media's trademark rights in and to "theScore."

29.     The parties entered into a settlement agreement on June 9, 2017 (hereafter, "the Settlement Agreement"), which resolved the Opposition proceedings.

30.     Pursuant to Section 1.19 of the Settlement Agreement, Defendant agreed that Score media is the owner of the THESCORE Marks.

31.     Pursuant to Section 1.1.6 of the Settlement Agreement, Defendant agreed to never:

> adopt, register or seek to register, whether directly or indirectly, alone or in concert with others, any trademark that consists of the designation "Score" on its own *or that consists of a combination of the words "the" and "Score"*; provided, however, that ScoreVision shall have the right to use such words in a non-trademark fashion in text  (emphasis added)

32.     The Parties further agreed that any dispute under the Settlement Agreement shall be "governed by the laws of the State of New York applicable to agreements made and performed within the State without reference to its choice of law rules."

## DEFENDANT REGISTERS "MORE THAN THE SCORE" TRADEMARK IN BREACH OF THE SETTLEMENT AGREEMENT

33.     Despite Defendant's acknowledgement that Score Media owns the THESCORE Marks, and its agreement not to seek to register any trademark that "consists of a combination of the words 'the' and 'Score,'" Defendant filed U.S. Application Serial No. 88854071 on March 31, 2020 for the word mark "MORE THAN *THE SCORE*" (emphasis added) in Class 42 for

"providing temporary use of online, non-downloadable software for enabling the use of animations, ads, static images and videos for a display."

34.    Defendant received U.S. TM Registration No. 6,390,564 for "MORE THAN THE SCORE" on June 15, 2021 ("the MORE THAN THE SCORE Mark").

35.    Defendant uses the MORE THAN THE SCORE Mark in conjunction with its product offerings for scoreboards and televisions, including software products:





*Source*: https://scorevision.com (accessed on June 12, 2026)

36.     Defendant further offers the ScoreVision Fan App in connection with its MORE THAN THE SCORE Mark,  which Defendant describes as providing "real-time score updates, thrilling highlights, and live streams."



*Source*: Defendant's App as listed on Apple App Store (accessed on June 12, 2026)

37.    As noted above, both Score Media's "theScore" and "theScore Bet" Apps include real-time sports score and statistics, and news and analysis, as well as videos of sports highlights and other content.

38.    Defendant uses its MORE THAN THE SCORE Mark in conjunction with Defendant's App:

12



*Source:* Defendant's App (accessed on June 11, 2026)

39.      Customers that encounter Defendant's MORE THAN THE SCORE Mark in connection with stats and highlights on scoreboards and Defendant's App will likely be confused into believing there is an association between Defendant and Score Media's THESCORE Marks.

40.      The parties' respective marks are identical in the dominant aspects of the marks ("The Score"), and the services are identical, substantially similar, and/or so closely related that consumers would expect the parties' goods to be associated with the same source, and are likely to be confused as to the source, origin, sponsorship, endorsement or affiliation of Defendant's goods and services, including relative to Score Media's goods and services.

41.      On information and belief, Defendant ScoreVision chose its name and mark specifically to take advantage of the association with Score Media's mark and reputation.

42.      These activities therefore constitute willful infringement of Score Media's rights.

## COUNT I
## BREACH OF CONTRACT

43.　　Score Media repeats and realleges Paragraphs 1-42 as though fully set forth herein.

44.　　The Settlement Agreement constitutes a valid and enforceable agreement between Score Media and Defendant.

45.　　The Settlement Agreement bars Defendant from use or registration of any mark that includes or consists of a combination of the words "the" and "score."

46.　　Defendant has used and is continuing to use MORE THAN THE SCORE as a trademark.　It is prominently displayed on Defendant's website and in its marketing materials:



*Source*: www.scorevision.com (accessed on June 11, 2026).

47.　　Defendant has used and is continuing to use MORE THAN THE SCORE as a trademark in connection with goods and services that include software and apps that provide sports scores, live sports feeds and other sports-related features.

48.　　Defendant's mark MORE THAN THE SCORE includes or consists of the words "the" and "score."

14

49.     Defendant has registered MORE THAN THE SCORE as a trademark with the United States Patent and Trademark Office.

50.     Defendant filed for, pursued, and obtained U.S. Trademark Registration No. 6390564 for MORE THAN THE SCORE.

51.     Defendant breached at least section 1.1.6 of the Settlement Agreement by adopting, using, and/or registering the trademark MORE THAN THE SCORE, which consists of "the" and "score."

52.     Defendant's breach constitutes a material breach of the Settlement Agreement.

53.     Defendant's breach of the Settlement Agreement was and continues to be knowing, intentional, and willful.

54.     By reason of Defendant's breach, Score Media has been harmed and is continuing to be harmed as alleged in this Complaint and is entitled to monetary relief in an amount to be determined at trial.

55.     By reason of Defendant's breach, Score Media has been damaged in an amount of at least $75,000, exclusive of interest and costs.

56.     By virtue of the terms of the Settlement Agreement and Defendant's breach of same, Score media is and lawfully should be the rightful owner of the MORE THAN THE SCORE mark and any and all related registrations.

57.     Score Media is also entitled to the cancellation of the trademark registration for the MORE THAN THE SCORE Mark or transfer of ownership of same to Score Media based on Defendant's breach of the Settlement Agreement, including but not limited to Section 1.1.6 thereof.

## COUNT II
## TRADEMARK INFRINGEMENT, FALSE DESIGNATION OF ORIGIN, AND UNFAIR COMPETITION UNDER 15 U.S.C. § 1125(a)(1)(A)

58.     Score Media repeats and realleges Paragraphs 1-57 as though fully set forth herein.

59.     Defendant's unauthorized use of the MORE THAN THE SCORE Mark on and in connection with its scoreboard information services and Defendant's App constitutes use in interstate commerce that is likely to cause confusion, or to cause mistake, or to deceive consumers as to the affiliation, connection, or association Defendant's products, such that consumers may believe that Defendant's products and services are sponsored by, endorsed by, approved by, licensed by, authorized by, or affiliated or connected with Score Media.

60.     Defendant's acts constitute trademark infringement, false designation of origin, and unfair competition in violation of Lanham Act § 43(a)(1)(A), 15 U.S.C. § 1125(a)(1)(A).

61.     Upon information and belief, Defendant's acts have been committed intentionally, maliciously, and willfully for the purposes of deceiving buyers into purchasing Defendant's products and services, falsely believing that such products emanate from, or are affiliated with, Score Media, and with the specific intent to appropriate to Defendant and to employ for its own benefit the valuable goodwill and business reputation represented by the THESCORE Marks.

62.     Defendant's acts have caused, and, if allowed to continue, will continue to cause Score Media to suffer substantial irreparable harm for which Score Media has no adequate remedy at law.

63.     In addition, as a result of the foregoing, Score Media has suffered actual damages and Defendants have been unjustly enriched.

64.     As a result of the foregoing, Score Media has been damaged in an amount of at least $75,000, exclusive of interest and costs.

65.     Defendant's conduct is and has been knowing, intentional and willful.

16

66.    Defendant's actions have been extraordinary, entitling Score Media to treble damages, attorneys' fees and costs of suit, pursuant to 15 U.S.C. § 1117(a) and (b), and to such other and further relief as the Court shall deem appropriate in the circumstances.

## COUNT III
## NEW YORK COMMON LAW TRADEMARK INFRINGMENT AND UNFAIR COMPETITION

67.    Plaintiffs repeat and reallege Paragraphs 1-66 as though fully set forth herein.

68.    This is a claim for trademark infringement and unfair competition, arising under the common law of the State of New York.

69.    Defendant's acts complained of herein constitute trademark infringement and unfair competition under the common law of the State of New York.

70.    By virtue of the acts complained of herein, Defendant has caused a likelihood of confusion among the purchasing public in this judicial district and elsewhere, thereby unfairly competing with Score Media in violation of the common law of the State of New York.

71.    By its actions, Defendant has injured and violated the rights of Score Media and has irreparably injured Score Media, and such irreparable injury will continue unless Defendant is enjoined by this Court.

72.    Defendant's acts have been and continue to be knowing, intentional, and willful.

73.    As a result of the foregoing, Score Media has been damaged in an amount of at least $75,000, exclusive of interest and costs.

74.    Because Defendants' acts of unfair competition were both willful and malicious, Plaintiffs are entitled to an award of punitive damages and attorneys' fees.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully asks this Court to enter judgment in its favor and against Defendant and against Defendant's respective subsidiaries, successors, parents, affiliates, officers, directors, agents, servants and employees, and all persons in active concert or participation with Defendant, granting the following relief:

A. The entry of judgment in favor of Plaintiff and against Defendant on Count I, finding that Defendant breached the Settlement Agreement with Plaintiff by registering the MORE THAN THE SCORE Mark in the United States, that Plaintiff is the rightful owner of the MORE THAN THE SCORE marks and any and all related registrations of same, and awarding Plaintiff damages to which it entitled under the law as a result of Defendant's breach, and issue an order directing the United States Patent and Trademark Office to cancel Defendant's U.S. Registration No. 6,390,564 for MORE THAN THE SCORE or transfer ownership of said registration to Plaintiff;

B. The entry of judgment in favor of Plaintiff and against Defendant on Count II, finding that Defendant's use of MORE THAN THE SCORE as a trademark in the United States infringes Plaintiff's trademark rights in the THESCORE Marks, and awarding Plaintiff damages to which it entitled under the law as a result of Defendant's infringement and/or unfair competition;

C. The entry of judgment in favor of Plaintiff and against Defendant on Count III, finding that Defendant unfairly competed with Plaintiff by virtue of their use of the MORE THAN THE SCORE Mark, and awarding Plaintiff damages to which it

entitled under the law as a result of Defendant's unfair competition under New York law;

D.    To the extent not specified above, damages in an amount to be determined at trial in this matter including but not limited to lost profits, disgorgement of Defendant's profits, recovery of money paid to Defendant under the Settlement Agreement, and any other damages lawfully available for breach of contract;

E.    That Defendant and its subsidiaries, divisions, parent(s), related companies, officers, agents, servants, employees, warehousemen, warehousers, distributors, attorneys, successors and assignees, and all persons in active concert or participation with any of them, be temporarily, preliminarily, and permanently enjoined and restrained from:

a.    Imitating, copying or making unauthorized use of the THESCORE Marks, either standing alone or as part of any other name or mark;

b.    Using "THESCORE" and/or "THE" and "SCORE," or any reproduction, counterfeit, copy, colorable imitation thereof, or any words or marks confusingly similar, including "MORE THAN THE SCORE," as a trademark, trade name, domain name or otherwise in connection with the advertising, display, sale, offering for sale or distribution of any products in any medium, in such a manner that is likely to cause confusion or mistake or to deceive customers or the public or give the impression that Defendant or its products or services originate with, are affiliated with, are sponsored by, approved by, or in any way connected with Score Media;

19

c.  Engaging in any activity constituting unfair competition with Score Media, or constituting an infringement of Score Media's trademarks;

d.  Passing off, inducing, or enabling others to sell or pass off any products that do not emanate from Score Media or that are not distributed under the control and supervision of Score Media and approved by Score Media for sale under the THESCORE Marks, as products distributed by or with the approval of Score Media.

e.  Further infringing the THESCORE Marks and damaging Score Media's goodwill and business reputation.

f.  Engaging in any further activity that constitutes a breach of the Settlement Agreement, including but not necessarily limited to by adopting, using or registering any trademark that consists of the words "the" and "score."

F.  That Defendant be required to supply Score Media with a complete list of persons and entities from whom they purchased, and to whom they distributed and/or sold, products bearing the THESCORE Marks.

G.  That Defendant be required to make an accounting of all profits, gains, and advantages that it has derived as a result of its unlawful conduct.

H.  That Defendant be required to pay Score Media, in accordance with 15 U.S.C. § 1117(a), and all other applicable laws, such damages as Score Media has suffered as a consequence of Defendant's infringement of the THESCORE Marks and from the above-described acts of breach of contract, trademark infringement, false designation of origin, and unfair competition, including the following:

20

a. Three times all gains and profits derived by Defendant from the above described acts of breach of contract, trademark infringement, false designation of origin, and unfair competition, or, in the alternative, three times Score Media's lost profits, whichever is greater; and

b. All costs and attorneys' fees and costs incurred in this action including an award of treble damages as applicable; and

I.    For such other relief to which Score Media is entitled under law, and any other and further relief that this Court or a jury may deem just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury on all issues so triable.

Dated: June 15, 2026

Respectfully submitted,

By: /s/  Steven M. Coyle
Steven M. Coyle, Esq. (Bar No. SC0730)
Nicholas Geiger, Esq. (*pro hac* pending)
CANTOR COLBURN LLP
20 Church Street, 22nd floor
Hartford, CT 06103
Phone:  (860) 286-2929
Fax:  (860) 286-0115
scoyle@cantorcolburn.com
ngeiger@cantorcolburn.com

*Attorneys for Score Media and Gaming Inc.*